IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **FELIX A. CRUET**, | : |
|         Petitioner, | : |
| v. | :   Civ. Act. No. 05-758-GMS |
| **THOMAS CARROLL**, Warden, and **CARL C. DANBERG**, Attorney General of the State of Delaware, | : |
|         Respondents.[1] | : |

**MOTION FOR LEAVE
TO FILE MOTION TO DISMISS**

Respondents move for leave to file a motion to dismiss, in lieu of an answer, under Rule 5 of the Rules Governing Section 2254 Actions and in support thereof state the following:

A state grand jury charged petitioner Felix A. Cruet on September 16, 1980 with first degree murder and possession of a deadly weapon during the commission of a felony[2] for the stabbing death of Cruet's infant son. In June 1981, a Superior Court jury found Cruet guilty of first degree murder. On October 23, 1981, Superior Court sentenced Cruet to life in prison, not subject to probation, suspension or parole. On direct appeal, the Delaware Supreme Court affirmed the conviction. *Cruet v. State*, No. 291, 1981 (Del. Feb. 28, 1983). Cruet did not apply for state postconviction relief, instead applying for federal habeas relief in 1983. This Court, in a 4-page memorandum opinion, dismissed the petition in March 1984. *Cruet v. Redman*, Civ. Act. No. 83-672-WKS (D. Del. Mar. 13, 1984).

---

[1] *See* Fed.R.Civ.P. 25(d)(1). Attorney General Carl Danberg assumed office on December 8, 2005, replacing former Attorney General M. Jane Brady, an original party to this case.
[2] State prosecutors subsequently entered a *nolle prosequi* on the possession of a deadly weapon during the commission of a felony charge.

In a petition dated October 12, 2005, Cruet has again applied for federal habeas relief. D.I. 1. The petition, however, is subject to the terms of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, signed by the President on April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997) (holding AEDPA applies to "such cases as were filed after the statute's enactment."). Under AEDPA, a state prisoner submitting a second or successive petition must obtain leave from the court of appeals to file the petition. 28 U.S.C. § 2244(b)(3)(A).

Though Habeas Rule 5 requires the filing of an answer to the petition, Habeas Rule 4 provides that the district court may permit other pleadings to be filed in response to a federal habeas petition. Indeed, the Advisory Committee Notes to Rule 4 makes that perfectly clear; "For example, the judge may want to authorize the respondent to make a motion to dismiss based on information furnished by respondent . . . ." In light of the jurisdictional defect in Cruet's instant action, a full answer to the allegation in the petition is unnecessary. If judicial economy and efficiency are important considerations behind requiring an "answer" under Rule 5, those considerations are equally well served by allowing a motion to dismiss in this case where the filing of the petition has not been authorized under § 2244(b)(3). *See also Benchoff v. Colleran*, 404 F.3d 8112, 816 (3d Cir. 2005) ("Unless both the procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the petition."). In the event that Cruet obtains the requisite permission from the Court of Appeals under § 2244(b)(3), respondents, consistent with Rule 5 and local practice, can then file an answer to the petition.

To minimize any delay, respondents have, contemporaneously with this application, filed the motion to dismiss the petition.

For the foregoing reasons, the application for leave to file a motion to dismiss should be granted.

                /s/ Elizabeth R. McFarlan
                Deputy Attorney General
                Department of Justice
                820 N. French Street
                Wilmington, DE 19801
                (302) 577-8500
                Del. Bar. ID No. 3759
                elizabeth.mcfarlan@state.de.us

Date:  January 24, 2006

## RULE 7.1.1 CERTIFICATION

I hereby certify that I have neither sought nor obtained the consent of the petitioner, who is incarcerated and appearing *pro se*, to the subject matter of this motion.

/s/ Elizabeth R. McFarlan
Deputy Attorney General

Counsel for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2006, I electronically filed a motion for leave to file motion to dismiss with the Clerk of Court using CM/ECF. I also hereby certify that on January 24, 2006, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

Felix A. Cruet
SBI No. 155538
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us
