IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **FELIX A. CRUET**, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 05-758-GMS |
| **THOMAS CARROLL**, Warden, and **CARL C. DANBERG**, Attorney General of the State of Delaware, | : |
| Respondents.[1] | : |

**MOTION TO DISMISS**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, respondents move to dismiss the petition for a writ of habeas corpus on the grounds that the Court lacks subject matter jurisdiction for the following reasons:

A state grand jury charged petitioner Felix A. Cruet on September 16, 1980 with first degree murder and possession of a deadly weapon during the commission of a felony,[2] for the stabbing death of Cruet's infant son. In June 1981, a Superior Court jury found Cruet guilty of first degree murder. On October 23, 1981, Superior court sentenced Cruet to life in prison, not subject to probation, suspension or parole. On direct appeal, the Delaware Supreme Court affirmed the conviction. *Cruet v. State*, No. 291, 1981 (Del. Feb. 28, 1983). Cruet did not apply for state postconviction relief, instead applying for federal habeas relief in 1983. This Court, in a 4-page memorandum opinion, dismissed the petition in March 1984. *Cruet v. Redman*, Civ. Act. No. 83-672-WKS (D. Del. Mar. 13, 1984).

---

[1] *See* Fed.R.Civ.P. 25(d)(1). Attorney General Carl Danberg assumed office on December 8, 2005, replacing former Attorney General M. Jane Brady, an original party to this case.

[2] State prosecutors subsequently entered a *nolle prosequi* on the possession of a deadly weapon during the commission of a felony charge.

In a petition dated October 12, 2005, Cruet has again applied for federal habeas relief. D.I. 1. The petition, however, is subject to the terms of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, signed by the President on April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997) (holding AEDPA applies to "such cases as were filed after the statute's enactment."). Under AEDPA, a state prisoner submitting a second or successive petition must obtain leave from the court of appeals to file the petition. 28 U.S.C. § 2244(b)(3)(A); *see Felker v. Turpin*, 518 U.S. 651, 657 (1996) (§2244(b)(3)(A) creates a "gatekeeping" mechanism that requires a prospective applicant to "file in the court of appeals a motion for leave to file a second or successive habeas application in the district court."); *see also In re Minarik*, 166 F.3d 591, 599-600 (3d Cir. 1999) (§ 2244 applicable even if prior petition was filed and decided before AEDPA). Cruet's petition, raising only a claim regarding the imposition of his 1981 sentence, does not challenge conduct that occurred subsequent to the filing of the earlier petition. Thus, Cruet's instant petition is clearly a "second or successive" petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817-18 (3d Cir. 2005). The record is clear that Cruet has not obtained leave from the Court of Appeals for the Third Circuit to file the instant petition. Accordingly, by operation of § 2244(b)(3), this Court has no jurisdiction to consider Cruet's latest petition, and the case must therefore be dismissed. *See id*. at 820; *Felker*, 518 U.S. at 657 (1996).

Respondents attach herewith the memorandum opinion of the Court in Civil Action 83-672-WKS.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

        /s/ Elizabeth R. McFarlan
        Deputy Attorney General
        Department of Justice
        820 N. French Street
        Wilmington, DE 19801
        (302) 577-8500
        Del. Bar. ID No. 3759
        elizabeth.mcfarlan@state.de.us

Date:  January 24, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2006, I electronically filed a motion to dismiss with the Clerk of Court using CM/ECF. I also hereby certify that on January 24, 2006, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

>Felix A. Cruet
>SBI No. 155538
>Delaware Correctional Center
>1181 Paddock Road
>Smyrna, DE 19977

>/s/ Elizabeth R. McFarlan
>Deputy Attorney General
>Department of Justice
>820 N. French Street
>Wilmington, DE 19801
>(302) 577-8500
>Del. Bar. ID No. 3759
>elizabeth.mcfarlan@state.de.us