IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FELIX A. CRUET,

        Petitioner,

v.    :    Civil Action No. 83-672-WKS

WARDEN WALTER REDMAN and THE
ATTORNEY GENERAL OF THE STATE
OF DELAWARE, CHARLES OBERLY,
III, and KATHLEEN MOLYNEUX,
Prosecutor,

        Respondents.

---

Petitioner, pro se

John A. Parkins, Jr., Esquire, Chief of Appellate Division, Department of Justice, Wilmington, Delaware, Attorney for Respondents

---

MEMORANDUM OPINION

Wilmington, Delaware

March 13, 1984

*[signature: Walter K. Stapleton]*

STAPLETON, Chief Judge

    Petitioner, Felix A. Cruet, is currently incarcerated at the Delaware Correctional Center, Smyrna, Delaware, where he is serving a life sentence for a conviction of Murder in the First Degree. He was convicted on June 30, 1981 for the stabbing death of his infant son. That conviction was appealed to the Delaware Supreme Court, which affirmed the judgment of the trial court on February 28, 1983. On October 5, 1983, petitioner filed a Petition for Writ of Habeas Corpus with this court. Both petitioner and the defendants have elected to rely upon the briefing before the Delaware Supreme Court.

    Petitioner asserts two grounds in support of his habeas corpus petition: first, that the trial court erroneously denied his motion to suppress evidence seized during a warrantless search and, second, that various acts of prosecutorial misconduct at trial denied petitioner a fair trial.

    As to the first ground for relief, the petitioner contends that evidence seized from his home during a warrantless search shortly after the homicide should have been excluded from trial. Petitioner presented his arguments at two separate suppression hearings. Both motions to suppress were denied. Thereafter, petitioner appealed to the Delaware Supreme Court, where he again asserted a violation of his Fourth Amendment rights. That court also concluded that petitioner's threats

to blow up the house presented an exigent circumstance that allowed a police officer to lawfully reenter the premises to determine that the emergency situation had terminated without first obtaining a search warrant. The murder weapon and propane gas canister found in plain view during the course of that search were found to be admissible.

It is clear that the Fourth Amendment search-and-seizure issue petitioner seeks to relitigate here has been fully litigated in the state court system. Petitioner does not contend that his Fourth Amendment claims did not receive "full and fair" consideration by the state courts. Accordingly, under Stone v. Powell, 428 U.S. 465 (1976), this Court may not grant habeas corpus relief on petitioner's Fourth Amendment claim.

As a second ground for relief, petitioner cites three instances of alleged prosecutorial misconduct at trial, and contends that the trial judge improperly denied his request for a mistrial. First, petitioner claims prejudice as a result of a question posed to the defendant's sister on cross-examination. The prosecution asked the witness what the victim ever did to cause the attack. The defense objected immediately, and the court sustained the objection. It declined to grant a mistrial, however. Second, petitioner objects to the following statement made during the State's summation which was interrupted by a defense objection: "The fact is that the law

2

in Delaware allows persons who have been provoked, who lash out at someone...." The defense objected immediately and the Court sustained the objection. Finally, the petitioner contends that the prosecution improperly questioned Dr. Buckley, defendant's expert witness, about defendant's prior feigning of mental illness.

While the Due Process provision of the Fourteenth Amendment guarantees state criminal defendants a fair trial, a fair trial is not necessarily a perfect trial. As the Third Circuit said in United States v. Leftwich, 461 F.2d 586, 590 (3d. Cir. 1972), cert. den., 409 U.S. 915 (1972):

> "Trials are rarely, if ever, perfect and improprieties of argument by counsel to the jury do not call for a new trial unless they are so gross as probably to prejudice the defendant and the prejudice has not been neutralized by the trial judge before submission of the case to the jury."

Accord, United States v. Somers, 496 F.2d 723 (3d. Cir. 1974), cert. den., 419 U.S. 832 (1974). Consequently, the crucial determinant is not the propriety or impropriety of the prosecutor's questions and remarks, but whether the defendant is likely to have been prejudiced thereby.

Petitioner insists that the State's questioning of his sister and the above quoted portion of its summation were intended to suggest to the members of the jury that they could not accept petitioner's emotional distress defense without finding that the infant victim had provoked petitioner's attack. Even if this

3

was the State's intent, however, the record as a whole demonstrates that jury understood the law concerning the emotional distress defense and, accordingly, the petitioner was not prejudiced by this prosecutorial conduct. In each instance, the trial judge immediately sustained the defense objection. After the objection during the State's summation, counsel explicity pointed out that under Delaware law provocation is not essential to entitle a defendant to raise a defense of extreme emotional distress. The court affirmed that position and the prosecutor acknowledged that he had misstated the law and apologized. Then after the trial, the judge correctly instructed the jury with respect to the defense of emotional distress under Delaware law.

I am not convinced that it was improper to question the defense's expert medical witness about his knowledge of petitioner's prior fabrication of mental illness. The defendant had placed his mental state in issue, and the prior fabrication was very relevant to the credibility of the expert's conclusions. The petitioner was not unfairly prejudiced by such questioning.

Judgment will be entered for the respondent.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FELIX A. CRUET,

        Petitioner,

    v.                           Civil Action No. 83-672-WKS

WARDEN WALTER REDMAN and THE
ATTORNEY GENERAL OF THE STATE
OF DELAWARE, CHARLES OBERLY,
III, and KATHLEEN MOLYNEUX,
Prosecutor,

        Respondents.

## FINAL ORDER

THIS 13th day of March, 1984, for the reasons set forth in the Court's Memorandum Opinion of this date,

IT IS HEREBY ORDERED that judgment is entered in favor of the respondents.

                                                _/s/ Walter K. Stapleton_
                                                United States District Judge

## CERTIFICATION

I hereby certify that there is no probable cause for appeal.

                                                _/s/ Walter K. Stapleton_
                                                United States District Judge