IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FELIX A. CRUET,              )<br>                              )<br>         Petitioner,          )<br>                              )<br>     v.                       )     Civil Action No. 05-758-GMS<br>                              )<br>THOMAS CARROLL,               )<br>Warden, and CARL C. DANBERG,  )<br>Attorney General of the State of )<br>Delaware,                     )<br>                              )<br>         Respondents.         )  | |

### ORDER

At Wilmington this 30th day of March, 2006;

IT IS HEREBY ORDERED that:

1. Respondents' motion to dismiss petitioner Felix A. Cruet's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 for being second or successive is GRANTED. (D.I. 9.) Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, signed by the President on April 24, 1996 ("AEDPA"), a state prisoner submitting a second or successive petition must obtain permission from the court of appeals before filing the petition in the district court. 28 U.S.C. § 2244(b)(3)(A). This AEDPA requirement applies even if the prior petition was filed and decided before AEDPA's enactment, provided that the earlier petition was decided on the merits and the second petition does not challenge conduct that occurred subsequent to the filing of the earlier petition. *See Benchoff v.*

*Colleran*, 404 F.3d 812, 817-18 (3d Cir. 2005); *In re Olabode,* 325 F.3d 166, 169-73 (3d Cir. 2003); *c.f. Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000)("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition").

Cruet's pending § 2254 petition, dated October 12, 2005, is subject to the terms of AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 326 (1996). This petition is Cruet's second habeas challenge to his 1981 conviction and sentence for first degree murder for the stabbing death of his infant son (D.I. 1.); in 1984, the Honorable Walter K. Stapleton denied Cruet's first § 2254 petition on the merits. *See Cruet v. Redman*, Civ. A. No. 83-672-WKS, Mem. Op. (D. Del. Mar. 13, 1984). Because the instant petition does not challenge conduct that occurred subsequent to the filing of his earlier petition, it constitutes a second or successive petition for the purposes of § 2244. The record is clear that Cruet has not obtained permission to file the instant petition from the Court of Appeals for the Third Circuit. Consequently, the court does not have the authority to review the petition. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson,* 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

2. The court declines to issue a certificate of appealability because Cruet has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. LAR 22.2 (2002).

3. The clerk is directed to close the case.

4. The clerk shall send a copy of this order to Cruet.

_____
United States District Court